## TIBOT v. OCASIO.

### APPEAL from the District Court of San Juan.

No. 11.—Decided March 14, 1904.

APPEAL IN CASSATION.—The act of March 12, 1903, converting the court of cassation into a court of appeals, did not give effectiveness to the provisions of the old Law of Civil Procedure, which grants the right of appeal, but to those articles which establish the procedure therein, repealing the articles which relate to the hearing and determination of the appeal in cassation.

ID.—An appeal lies only in those cases in which an appeal in cassation would formerly lie.

ID.—An appeal does not lie from orders made in proceedings for the execution of judgments, unless substantial points are decided which are not controverted in the action nor decided in the judgment, or which are contradictory thereto.

### STATEMENT OF THE CASE.

This was an action of unlawful detainer instituted in the District Court of San Juan by José Ramón Tibot, as testamentary executor of José Antonio Fuentes, against Andrés and Juan Ocasio, and incidental issue regarding nullity of proceedings, raised by the defendants, which latter is pending before us on appeal taken by said defendants from a decision dismissing the same, appellants being represented and defended in this Supreme Court by Frank Antonsanti, Esq., while the respondent failed to appear.

*Resultando* : que la expresada sentencia, copiada á la letra, dice así:

"*Sentencia.*—En la ciudad de San Juan de Puerto Rico á veinte y tres de Noviembre de mil novecientos tres. Vista esta demanda incidental de nulidad de actuaciones, establecida por Andrés y Juan Ocasio, representados al principio por el abogado Don José C. Rodríguez Cebollero, y últimamente por el abogado D. Frank Antonsanti, contra D. José Ramón Tibot, representado por el abogado D. Cruz Castro.

1. *Resultando* : que seguida demanda de desahucio de una finca rústica sita en Bayamón, por el último contra los primeros, en nueve de Mayo último, se dictó sentencia por este Tribunal declarando con lugar la demanda y condenando á Andrés y Juan Ocasio á que desalojasen la finca en el término de veinte días, apercibidos de lanzamiento sino cumplían lo mandado, condenándolos, además, en las costas del juicio.

2. *Resultando* : que consentida y firme dicha sentencia, como se declaró en provisto de tres de Junio, se ordenó en la misma providencia su cumplimiento, dando comisión al Juez Municipal de Bayamón para que previniese á los demandados que dentro de veinte días desalojaran la finca; que habiéndoles notificado ese provisto en doce del propio mes, no cumplieron lo mandado, por lo que en siete de Julio y á instancia del actor, se ordenó su lanzamiento, librándose, con ese objeto, la oportuna órden al día siguiente.

3. *Resultando* : que recibida dicha órden por el Juez Municipal de Bayamón, dió comisión bastante al alguacil del Juzgado Fidel Cepero, para que asistido del Secretario, efectuase, como efectuó el trece de Julio, el lanzamiento de Andrés y Juan Ocasio: en cuyo acto y á solicitud del actor, representado por su encargado ó mandatario, D. Ramón Nieves, retuvo para cubrir las costas, dos vacas de Juan Ocasio, que dejó depositadas en su poder, y otros animales de Andrés Ocasio, que fueron depositados en Don Manuel Barril.

4. *Resultando* : que en diez y ocho de Agosto presentó el abogado del actor Tibot, su minuta jurada de honorarios devengados en el pleito, ascendénte á sesenta y cinco dollars, y que á su instancia se ordenó, el veinte, librar despacho al Juez Municipal de Bayamón para que requiriese á Andrés Ocasio á que en el acto satisficiese su importe y las costas causadas en dicho Juzgado, para efectuar el desahucio, procediendo, en otro caso, á la venta de los bienes de-

The aforesaid decision, being literally copied, reads as follows:

"Judgment.—In the city of San Juan, Porto Rico, November 23, 1903. A hearing was had of the incidental issue regarding nullity of proceedings, raised by Andrés and Juan Ocasio, represented at first by Attorney José C. Rodríguez Cebollero, and afterwards by Attorney Frank Antonsanti, against José Ramón Tibot, represented by Attorney Cruz Castro.

"On May 9, 1902, José Ramón Tibot brought an action of unlawful detainer in the District Court of San Juan against Andrés and Juan Ocasio, praying that they be ordered to vacate a farm situated in Bayamón. Said action being admitted, judgment was in due course rendered against defendants, who were given twenty days to vacate the property, under warning of ejectment therefrom in case of failure to do so within the specified term. They were further adjudged to pay the costs of the proceedings.

"Said judgment being acquiesced in and made final, it was so declared in an order of June 3, ordering the execution thereof, and the municipal judge of Bayamón was commissioned to notify the defendants to vacate the farm within twenty days. This was done on the 12th of the same month, but the defendants having failed to comply with the order, on the 7th of July, at the instance of the plaintiff, a writ of ejectment was issued by the court on the following day.

"Upon receipt of said writ the municipal judge of Bayamón commissioned the bailiff, Fidel Cepero, accompanied by the clerk of said court, to effect the ejectment of Andrés and Juan Ocasio, which was done on July 13. During the ejectment proceedings, at the request of plaintiff, through his representative, Ramón Nieves, two cows belonging to Juan Ocasio were held in deposit with him, other animals owned by Andrés Osasio, being deposited with Manuel Becerril as security for the costs.

"On August 18th counsel for the plaintiff presented a sworn statement of his fees in the case, amounting to seventy-five dollars, and at his request the municipal judge of Bayamón was instructed on the 20th to demand from Andrés Ocasio the immediate payment of said sum, together with the costs incurred in said court by reason of the ejectment, or otherwise to proceed to the sale of the property on deposit, in the manner provided by article 1601 of the Law of

positados, en la forma que expresa el Artículo 1601, de la Ley de Enjuiciamiento Civil, para cubrir con el importe de dicha venta las mencionadas responsabilidades.

5. *Resultando*: que librado el despacho en 4 de Septiembre, en veinte y nueve del mismo mes estableció demanda incidental el abogado D. José C. Rodríguez Cebollero, solicitando la nulidad de todas las actuaciones practicadas en cumplimiento de la sentencia recaída en el juicio de desahucio fundándola en los siguientes hechos. 1. Que no habiéndose dado comisión al Juez Municipal de Bayamón sino para efectuar el lanzamiento de los demandados, se había extralimitado embargando bienes á éstos para el cobro de costas. 2. Que esos embargos no se habían hecho á solicitud de parte legítima, sino de un Don Ramón Nieves que se dijo mandatario verbal del actor, sin que ese mandato conste acreditado. 3. Que el lanzamiento se efectuó no por el Juzgado Municipal al que se comisionara al efecto, sino por el Alguacil y Secretario delegados por el Juez, que carecía de facultades para tal delegación; y 4. En que no estando realmente jurada la minuta de sus honorarios presentada por el abogado Don Cruz Castro, este Tribunal no pudo decretar su pago legalmente, ni el Juzgado Municipal de Bayamón está autorizado para tasar las costas de unos autos de que conoce esta Corte; alegando además como fundamentos de derecho que parecían pertinentes al caso, la Orden Judicial No. 134 de 31 de Diciembre de 1899 en que se previene que las partes sean representadas en las Cortes de Distrito por abogados y en los Juzgados Municipales por un vecino con poder; los Artículos 290, 292, 296 y 298 que se contraen á los comisionados para presentar y hacer cumplir exhortos y despachos y á los delegados que los Jueces exhortados puedan nombrar para evacuar las diligencias que no pudiesen efectuar por sí mismos.

6. *Resultando*: que admitida con lugar la demanda se confirió traslado de ella por seis días á D. José Ramón Tibot y Fuentes, que lo ha evacuado refutando los hechos y fundamentos de derecho, alegados por los demandados, é invocando en su apoyo los Artículo 63 de la Orden General No. 118, y 1593, 1599 y 1601 de la Ley de Enjuiciamiento Civil.

7. *Resultando*: que abierto á prueba el incidente por el término de diez días en calidad de comunes, no habiéndose promovido ninguna por las partes, habiendo renunciado el Sr. Rodríguez Cebollero su representación, y acreditado el transcurso del término de pruebas, en provisto de diez y seis del que cursa, se ordenó por el Tribunal

Civil Procedure, for the purpose of meeting, with the proceeds of said sale, the above-mentioned liabilities.

"Said order was issued on September 4, and on the 29th of the same month, counsel for the defendant, José C. Rodríguez Cebollero raised an incidental issue for the annulment of all the proceedings had for the execution of the judgment rendered in the action of unlawful detainer, basing the same upon the following facts: 1. That the municipal judge of Bayamón having received no commission other than to effect the ejectment of the defendants, he had, by seizing property belonging to the latter for the recovery of costs, gone beyond the limits of his powers; 2. That said seizure had not been made at the request of a lawful party but of a certain Ramón Nieves, who claimed to be plaintiff's representative by verbal appointment, said representation not having been proven; 3. That the ejectment was not effected by the municipal judge who had been commissioned for the purpose, but by the bailiff and clerk, delegated by the judge, who had no power to confer such a mission; and 4. That the statement of his fees presented by Attorney Cruz Castro, not having in reality been sworn to, the court could not legally order the payment thereof, nor was the municipal court of Bayamón authorized to tax the costs of proceedings had before the district court. He further alleged, as pertinent to the case, the following legal provisions: Judicial Order No. 134, of August 31, 1899, wherein it is provided that parties litigant shall be represented in the district courts by lawyers, and in the municipal courts by a duly authorized resident of the locality; articles 290, 292, 296 and 298 of the Law of Civil Procedure referring to persons commissioned to present and require compliance with letters mandatory and other letters, and to delegates whom the judges so commissioned may appoint to perform such acts as they are unable personally to execute.

"The complaint being admitted, six days notice thereof was served upon José Ramón Tibot y Fuentes, who in his answer contradicted the facts and legal grounds alleged by the defendants, and cited in support of his claim section 63 of General Orders No. 118, and articles 1593, 1599 and 1601 of the Law of Civil Procedure.

"The period of ten ordinary days having been fixed for the taking of evidence on the incidental issue, none was offered by the parties, Rodríguez Cebollero having withdrawn his case, and upon the expiration of said period, the court on the 16th of November ordered the record to be taken up for the purpose of delivering judgment,

traer los autos á la vista para sentencia, con citación de las partes, y habiéndose mostrado parte en lugar del Sr. Rodríguez Cebollero el abogado Sr. Antonsanti, como representante de los Sres. Ocasio, con su citación y la del abogado de Don José R. Tibot, se ha dado cuenta con estos autos.

,8: *Resultando*: que en la tramitación de este juicio se han guardado las reglas del procedimiento. Visto, siendo Ponente el Juez Presidente Don Juan Morera Martínez.

1. *Considerando*: que sin necesidad de que lo solicite el actor, al ejercitar el lanzamiento, deben retenerse y constituirse en depósito, como se hizo en este caso, los bienes más realizables que se encuentren, suficientes á cubrir las costas del juicio y de las diligencias posteriores que fueren de cargo del demandado, no existiendo, por lo tanto, extralimitación alguna en los procedimientos del Juzgado Municipal de Bayamón, al cumplir la orden que se le dió para el lanzamiento de los demandados.

2. *Considerando*: que la intervención en que su retención tuvo Ramón Nieves, como mandatario del actor, nada importa ni significa, puesto que sin ella y por ministerio de la Ley estaba obligado el encargado de efectuar el desalojo á hacer dicha retención para el pago de las costas del juicio y diligencias posteriores; y que según el Artículo 290 de la Ley de trámite, las personas encargadas por las partes de presentar ó gestionar el cumplimiento de un exhorto ó despacho, no están obligadas á presentar poder, ni puede exigírseles por el Juez exhortado ó comisionado por otro.

3. *Considerando*: que no existe disposición alguna que ordene que el Juez de un Juzgado Municipal á quien se comisione para el lanzamiento de uno ó más desahuciados, asista personalmente á esa diligencia, que queda legalmente cumplida verificándola el Alguacil y el Secretario por órden del Juez, siendo esos funcionarios á quienes propiamente corresponde efectuar tales actos, análogos á los embargos y ejecuciones, según los Artículos 1402 y 1440 de la Ley de Enjuiciamiento Civil.

4. *Considerando*: que según el Artículo 422 de la propia ley los abogados están autorizados para regular por sí mismos en minutas detalladas y firmadas sus honorarios, luego que sea firme la sentencia ó auto en que se hubiere hecho la condena de costas, y que en la hipótesis de que los condenados al pago consideren excesivos los honorarios que cobra el abogado Don Cruz Castro, su derecho se limita á impugnarlos por los trámites que determina el Artículo 426 de dicha

both parties being summoned to appear; and Attorney Antonsanti having entered an appearance as counsel for the Ocasios, in place of Mr. Rodríguez Cebollero, with his citation and that of Attorney José R. Tibot, the record was taken up.

"In the conduct of this hearing the rules of procedure have been observed.

"Presiding Judge Juan Morera Martínez prepared the opinion of the court.

"Without the necessity of a request being made by the plaintiff, upon executing a writ of ejectment, a sufficient quantity of the saleable property found should be retained on deposit, as was done in this case, to cover the costs of the trial and subsequent proceedings chargeable to the defendants, for which reason the municipal court of Bayamón did not overstep the bounds of its authority in executing the writ of ejectment issued against defendants.

"The intervention of Ramón Nieves in said retention, as the representative of the plaintiff, is immaterial, inasmuch as without it and by virtue of the law, the person commissioned to effect the ejectment was bound to make such retention for the payment of the costs of the trial and subsequent proceedings; and according to article 290 of the Law of Civil Procedure, the persons charged by the parties with the duty of presenting and looking after the execution of letters rogatory and other letters are not obliged to exhibit any power of attorney, nor can the judge to whom the request is addressed or who is commissioned by another require it of them.

"There exists no provision ordering the judge of a municipal court, who has been commissioned to effect the ejectment of one or more tenants, to attend personally to the proceedings in connection therewith, said ejectment being legally executed when carried out by the bailiff and the clerk by order of the judge, these officials being the ones upon whom properly devolves the performance of such duties, which are analogous to attachments and executions, according to articles 1402 and 1440 of the Law of Civil Procedure.

"According to article 422 of aforesaid Law, attorneys themselves are authorized to fix their fees in a detailed and signed statement, after the judgment or order in which the costs were imposed becomes final, and if the parties against whom the costs have been adjudged should consider that the fees charged by Attorney Cruz Castro are excessive, their right is confined to contesting them under the procedure prescribed by article 426 of the same law, without their

Ley, sin que eso les autorice para pretender la nulidad de las demás actuaciones practicadas en cumplimiento de la sentencia recaída en estos autos. Vistas las disposiciones legales aplicables al caso presente.

*Fallamos*: que debemos declarar y declaramos sin lugar la demanda incidental de nulidad de las actuaciones practicadas en estos autos, desde el fólio 43 al 53, promovida á nombre de Don Andrés y Don Juan Ocasio, á quienes se condena en las costas. Así por esta nuestra sentencia, definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Juan Morera Martínez, Frank H. Richmond y José Tous Soto.''

*Resultando*: que contra esa sentencia interpuso la representación de Andrés y Juan Ocasio, recurso de apelación que le fué admitido, y elevados los autos á esta Corte Suprema, prévia citación y emplazamiento de las partes, de las que compareció únicamente la apelante, se dió á dicho recurso la tramitación prevenida por la ley, habiéndose celebrado la vista sin asistencia de apelantes ni apelado.

Abogado de los apelantes: *Sr. Antonsanti.*

La parte apelada no compareció.

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando*: que la Ley de 12 de Marzo del año próximo pasado, transformando la Corte de Casación, en Tribunal de Apelación, no dió fuerza y vigor á los preceptos de la Ley de Enjuiciamiento Civil que otorgan el recurso de apelación, sino únicamente á los que fijan la tramitación de dicho recurso en los antíguos juicios de mayor cuantía, con supresión del apuntamiento, como así lo estatuye, en su sección 3ª., derogando expresamente, en la 2ª., los trámites establecidos para la sustanciación de los recursos de casación.

*Considerando*: que al prescribir, la mencionada Ley de 12 de Marzo, en su sección 4ª., que en todos los casos en que la Ley de Enjuiciamiento Civil habla de recursos de casación se entenderán de apelación, reveló claramente la inten-

being thereby authorized to demand the annulment of the other proceedings had for the execution of the judgment rendered in the matter.

"In view of the legal provisions applicable to the case under consideration, we adjudge that we should declare and do declare that the incidental issue raised on behalf of Andrés and Juan Ocasio, for the annulment of the proceedings had at this trial from folio 43 to folio 53, does not lie, and impose upon them the costs.

"Thus, by this our judgment, finally rendered, do we pronounce, order and sign. Juan Morera Martínez, Frank H. Richmond, José Tous Soto."

From this decision counsel for Andrés and Juan Ocasio filed a notice of appeal, which was allowed, and the record having been forwarded to this Supreme Court, after citation of the parties, the appellants being the only ones to appear, the appeal was conducted in conformity with the procedure prescribed by the law. None of the parties appeared at the hearing.

*Mr. Antonsanti,* for appellants.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, rendered the opinion of the court.

The act of March 12, 1903, establishing the court of cassation as a court of appeals, did not give effectiveness to the provisions of the Law of Civil Procedure which allows appeals, but only to those which prescribe the procedure for the former suits of greater import, suppressing the proceedings known by the name of "*apuntamiento,*" as provided in section 3 thereof, while under section 2 it expressly repeals all proceedings established for appeals in cassation.

Said act of March 12, 1903, in prescribing, under section 4, that in all cases where reference is made in the Law of Civil Procedure to appeals in cassation, the same shall be construed as meaning ordinary appeals, clearly showed

ción del legislador de que el recurso de apelación para ante la Corte Suprema se dá actualmente contra las mismas resoluciones que antes podían ser materia del recurso de casación, con arreglo á la Ley de Enjuiciamiento Civil.

*Considerando*: que esa ley establece, en su Artículo 1693 que no habrá lugar al recurso de casación contra los autos que se dicten en los procedimientos para la ejecución de sentencias, á no ser que resuelvan puntos sustanciales no controvertidos en el pleito, ni decididos en la sentencia, ó se provea en contradicción con lo ejecutoriado: y como consecuencia de la doctrina expuesta, esa misma regla y excepciones, deben tenerse en cuenta para determinar la procedencia ó improcedencia del recurso sometido hoy á la decisión de este Tribunal.

*Considerando*: que la sentencia apelada · no resuelve punto alguno sustancial de derecho, pues el incidente en que ha sido dictada versa sobre nulidad de actuaciones, bajo el fundamento de haberse infringido reglas de procedimiento, y tampoco provee en contradicción con lo ejecutoriado, sino que por el contrario tiende á la más pronta ejecución del fallo pronunciado en el juicio de desahucio en que se ha originado dicho incidente.

*Considerando*: que por las razones expuestas es inadmisible el recurso interpuesto y por tanto no cabe discutirlo y resolverlo.

*Fallamos*: que debemos declarar y declaramos no haber lugar á resolver el recurso de apelación interpuesto por Juan y Andrés Ocasio, contra la sentencia que dictó el Tribunal de Distrito de San Juan, en 23 de Noviembre del año próximo pasado, por la que se declaró sin lugar el incidente de nulidad de actuaciones, con las costas del recurso también á cargo de los apelantes, y devuélvanse los autos al referido Tribunal, con certificación de esta resolución, á los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras, Sulzbacher y MacLeary.

the intention of the Legislature to be that appeals to the Supreme Court shall now be allowed from decisions which were formerly the subject of appeals in cassation, pursuant to the Law of Civil Procedure.

Said Law provides, under article 1693, that no appeal in cassation shall lie from rulings in proceedings for the execution of judgments, unless substantial points are decided which are not controverted in the action nor decided in the judgment, or which are contradictory thereto; and from the doctrine set forth it follows that the same rule and exceptions should be considered in determining whether the appeal now submitted to the decision of this court is tenable or not.

The decision appealed from does not pass upon any substantial point of law, for the incidental issue on which said decision was rendered has reference to the annulment of proceedings based upon a violation of rules of procedure; nor does it order anything conflicting with the executory judgment, but on the contrary, it makes for the prompt execution of the judgment rendered in the action of unlawful detainer which gave rise to said incidental issue.

For the foregoing reasons the appeal taken is untenable, and cannot therefore be considered.

We adjudge that we should declare and do declare that the appeal taken by Juan and Andrés Ocasio from the judgment of the District Court of San Juan, rendered November 23, 1903, whereby the incidental issue for annulment of proceedings was dismissed, does not lie, and impose costs upon appellants.

Let the record be returned to said court, with a certified copy of this decision, for the proper action.

Chief Justice Quiñones and Justices Figueras, Sulzbacher and MacLeary concurred.